MATTER OF ALFONSIN

In Deportation Proceedings

A-13653753

*Decided by Board October 14, 1966*

Motion to reopen deportation proceedings for clarification, and refutation, of issues bearing on respondent's eligibility for an immigrant visa and his return to the United States—namely, possible bigamous marriage and fraud or willful misrepresentation in securing a visa—is denied since the matters are peculiarly within respondent's personal knowledge, and are not relevant to the deportation proceedings but are properly for the consideration of the appropriate American consul abroad.

DEPORTABLE: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251]—Excludable by law existing at time of entry (section 212 (a)(20); 8 U.S.C. 1182)—No valid immigrant visa.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251]—Excludable by law existing at time of entry (section 212(a) (26); 8 U.S.C. 1182)—No valid nonimmigrant visa.

On August 29, 1966, this Board dismissed the appeal from a special inquiry officer's order of August 8, 1966, granting the respondent's request for voluntary departure, but providing for his deportation from the United States to Argentina, alternatively to Uruguay, on the above-stated grounds, in the event of his failure to so depart. In so doing, we noted that the only reason given for the taking of the appeal was that the respondent was not permitted to refute matters which were allegedly part of his immigration file and could effectively foreclose his return to the United States. This is the same reason given for the filing of the present motion.

The record relates to a married male alien, a native and citizen of Argentina, who last entered the United States on or about May 5, 1966, for an unknown purpose. At the time of said entry, he was not in possession of a valid immigrant or nonimmigrant visa. He has never been admitted to the United States for permanent residence.

The foregoing establishes the respondent's deportability on the above-stated grounds, which has been conceded throughout the proceedings. The special inquiry officer has already granted the respondent the privilege of voluntary departure, which was the only relief requested of him. These aspects of the case still present no problems.

In the course of the hearing before the special inquiry officer, the respondent asserted that the Service file relating to him contained information which might indicate his ineligibility for an immigrant visa and, concomitantly, his inadmissibility to the United States. He requested that this information be made available to him so that he might intelligently and properly pursue his related remedy, to wit: a waiver thereof. The trial attorney declined to produce the information, and the special inquiry officer pointed out that those matters were outside the scope of his jurisdiction and were properly for consideration of the appropriate American Consul abroad, in view of the fact that the respondent had to depart from the United States as he had been authorized to do. We agreed with the special inquiry officer's ruling in that respect, for the reasons stated in his opinion.

Specifically, the documents the respondent sought to have made available to him were those allegedly referred to in the decision of the District Director at San Antonio, dated February 1, 1966, denying the respondent's application for a waiver of excludability under section 212(i) of the Immigration and Nationality Act (8 U.S.C. 1182) in connection with an application for adjustment of his status to that of a permanent resident, pursuant to section 245 of that Act (8 U.S.C. 1255). Attached to the present motion is a copy of that decision, wherein the District Director indicated that the respondent had secured a visitor's visa through fraud or willful misrepresentation; that he was married to a citizen of the United States; that he was also previously married to one Marta Hallac; that he admitted a marriage by proxy to Lily Olivera Santa Maria; and that he had presented no evidence of the termination of his first marriage. He now asserts that a strong inference of fraud before the Consul, and the possibility of a bigamous marriage were factors either definitely stated or implied in the decision of the District Director. He indicates that he requested the production of the documents of the special inquiry officer for the purpose of refuting the allegations if possible. Secondarily, he sought the information as the basis for deterimining what excludable grounds might lie that would require a waiver of excludability. He contends that he should have been

given an opportunity to refute the allegations of the District Director, or if he could not refute them at least resolve the question of whether a waiver was required and, if so, on what grounds.

Again, the answer is that the issues thus raised are outside the scope of the jurisdiction of the special inquiry officer and this Board, and are properly for the consideration of the appropriate American Consul abroad. The record shows that they are also matters peculiarly within the respondent's personal knowledge. The District Director's decision, which has now been submitted in support of his position, renders it abundantly clear that he was—or should have been—fully aware of the problems he asserts require clarification.

Under such circumstances, reconsideration of our prior decision for the reasons stated is unwarranted. By the same token, as well as for the reasons set forth in the trial attorney's brief, the judicial decision relied on by the respondent in support of his request (*Rose* v. *Woolwine*, 344 F.2d 993) is inapposite. Accordingly, and in view of the foregoing, we find no reason compelling a change in our prior decision.

**ORDER:** It is ordered that the motion be and the same is hereby denied.